BARBARA MILANO KEENAN, Circuit Judge,
concurring in part and concurring in the judgment:
• I agree with the majority’s conclusion that the district court erred because Ray-nor should have been afforded an opportunity to conduct discovery, and because a genuine dispute exists regarding whether Pugh acted with, a culpable state of mind. I write separately to state my view that given Raynor’s complex medical history and his improper reliance,on lay causation opinion, he has not yet raised a genuine dispute regarding .the cause .of his. alleged injury. Nevertheless, because that defect may be remedied during the course, of future discovery in this case, Raynor is entitled to have the district court’s summary judgment award vacated.
I do not think that a reasonable jury could conclude from the present record *131 that Mullins’ attack, rather than other factors, caused Raynor’s alleged back injury: Raynor’s complex medical history includes seizures, cardiovascular issues, and a back impairment that existed long before the attack. Prior to that event, Raynor had fallen multiple times, seeking medical treatment for his back pain. Moreover, various medical reports both before and after the attack describe Raynor’s back condition ás being “degenerative” in nature.
A nonmoving party seeking to prevent summary judgment must show a genuine dispute of fact using admissible evidence, not merely eonclusory or speculative statements. See Fed.R.Civ.P. 56(c). Raynor’s own interpretation of his x-ray reports, and his speculation regarding the causes of his back pain and his falls after the attack, constitute eonclusory and inadmissible lay opinion on issues requiring “scientific, technical, or other specialized knowledge.” Fed.R.Evid. 701(c). A layperson could not determine whether the “multilevel spondy-losis” and the “facet arthropathy” described in a post-attack report differs from' the “multilevel lower lumbar facet arthro-sis” and the “spondylosis” described in pre-attack reports.- Thus, without expert testimony, a lay juror would be unable to determine whether any change in Raynor’s spinal condition was attributable to Mullins’ attack.
Although, in many cases, an inference of causation may be drawn based on temporal proximity between violent contact and a particular injury, such an inference is-unavailable here. Raynor’s medical history is sufficiently complex that a lay 'juror could not rationally infer the cause of his existing back problems. Unlike an injury that appears immediately following a violent impact, Raynor’s degenerative spinal condition existed before the attack • and worsened after-multiple falls during the seven months following the attack. Nothing in the record indicates that this type of spinal condition, can be caused by. acute physical trauma.
Nevertheless, evidence revealed during future discovery may yet establish material facts supporting Raynor’s claim of causation. Therefore, I respectfully concur in the judgment in this appeal.